IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SPECIAL FUND DIVISION, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

JOHNNY HANER, *Respondent Employee,*

VALLEY SCHOOL WORKERS COMPENSATION POOL d/b/a DEER VALLEY UNIFIED SCHOOL DISTRICT, *Respondent Employer*,

VALLEY SCHOOLS WORKERS COMPENSATION GROUP, *Respondent Carrier*.

No. 1 CA-IC 20-0052
FILED 11-9-2021

Special Action - Industrial Commission
ICA Claim No. 20191-140023
Carrier Claim No. 33481
The Honorable Jonathan Hauer, Administrative Law Judge

**AFFIRMED**

COUNSEL

Industrial Commission of Arizona, Phoenix
By Stephen D. Ball
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Arizona Injury Law Group PLLC, Phoenix
By Weston S. Montrose
*Counsel for Respondent Employee*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By K. Casey Kurth
*Counsel for Respondent Employer and Carrier*

---

## OPINION

Presiding Judge Randall M. Howe delivered the opinion of the court, in which Judge Brian Y. Furuya and Judge Michael J. Brown joined.

---

**H O W E**, Judge:

¶1 The Special Fund Division ("Fund") of the Industrial Commission of Arizona ("ICA") challenges an award that made it responsible for a portion of the expenses of Johnny Haner's disability benefits under A.R.S. § 23–1065(C) because Deer Valley Unified School District knew about Haner's pre-existing medical conditions while he worked for Deer Valley. The Fund argues that an employee's credible testimony that he informed his supervisor of his pre-existing medical conditions is insufficient evidence to establish knowledge for apportionment of expenses under the statute without evidence that the respondent employer acknowledged that the employee had pre-existing conditions. We affirm. Credible testimony that an employee told his employer about his pre-existing conditions is sufficient to support apportioning expenses of disability benefits under A.R.S. § 23–1065(C).

### FACTS AND HISTORY

¶2 In 2015, Haner applied for a job as a custodian with Deer Valley. Paul Florek hired him and became his direct supervisor. Haner was injured on the job in April 2019, and his worker's compensation claim was accepted. After he was treated and his claim was closed with an unscheduled permanent partial disability in July 2019, the ICA Claims Division determined that Haner had suffered no loss of earning capacity.

2

Haner disagreed and requested a hearing. He also requested reimbursement for expenses that he incurred in traveling for treatment.

¶3        Before the hearing on those issues, Deer Valley and its carrier, Valley Schools Workers Compensation Group, notified the administrative law judge ("ALJ") that, due to Haner's pre-existing diabetes and 2013 heart surgery, they were seeking apportionment of the expenses of his disability benefits under A.R.S. § 23–1065(C), which generally provides that the Fund may reimburse employers that knowingly employ persons with qualifying pre-existing conditions who later suffer a work injury. The Fund joined the proceeding as a party in interest.

¶4        The ALJ heard testimony from Haner and others over several days. Haner testified that when he was hired, he told Florek that he had diabetes and had undergone heart bypass surgery. The ALJ found that Haner was a credible witness and, relying solely on Haner's testimony, determined that Deer Valley knew about those pre-existing conditions before he was injured. The resulting award, therefore, apportioned responsibility for payment of disability benefits between the Valley Group and the Fund.

¶5        The Fund requested administrative review of the award, arguing that the Valley Group did not meet its burden of proving that Deer Valley knew about Haner's pre-existing conditions because it failed "to provide any testimony or writing from the employer evidencing knowledge of applicant's heart condition and diabetes." The Fund argued that without direct evidence that Florek or another Deer Valley representative acknowledged Haner's pre-existing conditions, the record was insufficient to find that Deer Valley knew about them. The ALJ summarily denied the review request, and this special action review followed.

## DISCUSSION

¶6        When this court reviews the ICA's findings and conclusions, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270 ¶ 14 (App. 2003). We consider the evidence in the light most favorable to upholding the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 ¶ 16 (App. 2002). Here, the Fund does not dispute Haner's testimony, but argues that his testimony, which the ALJ found credible, is insufficient by itself to support the ALJ's finding that Deer Valley knew about his pre-existing conditions.

**¶7** The expense of disability benefits may be apportioned between the Fund and the employer or its carrier when the employer knowingly hires an employee with a significant non-work-related physical impairment that "is of such seriousness as to constitute a hindrance or obstacle to employment," and the employee later suffers a work-related impairment. A.R.S. § 23–1065(C). If the statutory prerequisites are satisfied, the Fund must reimburse the employer or carrier a portion of the disability benefits to which the worker is entitled. A.R.S. § 23–1065(C)(4). This provision promotes hiring workers who have pre-existing conditions. *Burrell*, 191 Ariz. at 153 ¶ 10; *Special Fund Div. v. Indus. Comm'n (Lane)*, 240 Ariz. 104, 105 ¶ 6 (App. 2016).

**¶8** The statutory prerequisites to apportionment include proof of the employer's knowledge of the worker's pre-existing condition. This means that the employer must know about the pre-existing condition when it hires the employee or must continue employing the worker after it becomes aware of the condition. A.R.S. § 23–1065(C)(2). Here, the only prerequisite to apportionment that the Fund challenges is whether Deer Valley knew of Haner's pre-existing conditions. Direct evidence before the ALJ that Haner told Florek of his pre-existing conditions allowed the judge to draw the inference that Florek, and by extension Deer Valley, knew about them. This is sufficient evidence of the employer's knowledge. *See Burrell*, 191 Ariz. at 155 ¶ 17 (stating ALJs "are more than capable of weighing the credibility of testimony and evaluating whether the employer has met its burden of demonstrating that it possessed the requisite knowledge at the requisite time").

**¶9** The Fund asserts that this is inadequate without direct evidence of what Florek did with the information, or other information that Deer Valley acknowledged it knew of Haner's pre-existing conditions. But this argument ignores that a valid inference from Haner's testimony that he told Florek of his pre-existing conditions is that Florek, and consequently Deer Valley, knew of those conditions. Evidence that Florek acknowledged that he understood the meaning of Haner's statement to him would certainly make the case stronger, but its absence does not detract from the sufficiency of Haner's testimony.

**¶10** The ALJ has the "duty to resolve all conflicts in the evidence and to draw all warranted inferences," *Aguayo v. Indus. Comm'n*, 235 Ariz. 413, 416 ¶ 11 (App. 2014), and he did so. Therefore, we reject the Fund's argument.

## CONCLUSION

¶11 The evidence supports the apportionment portion of the award. We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA